UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JAMES FEGGESTAD and,
KAREN FEGGESTAD, his wife,

      Plaintiffs,

v.

KERZNER INTERNATIONAL BAHAMAS
LIMITED, a Bahamian Company; KERZNER
INTERNATIONAL LIMITED, a Bahamian
Company; ISLAND HOTEL COMPANY
LIMITED, a Bahamian Company; PARADISE
ISLAND LIMITED, a Bahamian Company; and
BROOKFIELD ASSET MANAGEMENT, INC.,
a Canadian Company,

      Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiffs, JAMES FEGGESTAD and KAREN FEGGESTAD, his wife, sue the

Defendants, KERZNER INTERNATIONAL BAHAMAS LIMITED, a Bahamian company;

KERZNER INTERNATIONAL LIMITED, a Bahamian company; ISLAND HOTEL

COMPANY LIMITED, a Bahamian company; PARADISE ISLAND LIMITED, a Bahamian

company; and BROOKFIELD ASSET MANAGEMENT, INC., a Canadian company and state:

1.      This is a diversity action for damages under 28 U.S.C. § 1332 with damages in

excess of $75,000.00, exclusive of interest, costs, and attorney's fees.

2.      At all times material, Plaintiffs, JAMES FEGGESTAD and KAREN

FEGGESTAD, were U.S. citizens, who were married and domiciled in the state of Colorado.

3.      Defendant, KERZNER INTERNATIONAL LIMITED (hereinafter "KERZNER") was formerly known as "Sun International Hotels Limited."

4.      At all times material hereto, Defendant, KERZNER, was a Bahamian holding company that was and is publicly traded on the New York Stock Exchange.  It functions as the parent company to multiple, wholly-owned subsidiaries.  KERZNER and its subsidiaries own and operate the Atlantis Resort located in Paradise Island, Bahamas (hereinafter referred to as "The Atlantis" or "The Resort").

5.      The Atlantis has been doing business continuously since it opened in 1994.

6.      Defendant, KERZNER INTERNATIONAL BAHAMAS LIMITED is a wholly-owned subsidiary of KERZNER, and the two entities operate as one as it relates to The Resort.

7.      KERZNER is the holding and parent company of KERZNER INTERNATIONAL BAHAMAS LIMITED, (hereinafter "KERZNER BAHAMAS"), which was formerly known as "Sun International Bahamas Limited."

8.      Although the corporate names have been changed, KERZNER and KERZNER BAHAMAS are one and the same as corporations formerly known as "Sun International Hotels Limited" and "Sun International Bahamas Limited."

9.      At all times material hereto, KERZNER (and its subsidiary KERZNER BAHAMAS), was a Bahamian company doing continuous and systematic business in the Southern District of Florida with its principal place of business located at 1000 South Pine Island Road, Plantation Florida, 33324.

10.     Defendant, KERZNER, is the holding and parent company of Kerzner International Resorts, Inc., a Florida Corporation, located at 1000 South Pine Island Road,

Plantation, Florida, 33324, which primarily functions as a marketing, sales, advertising, reservation, wholesale tour service and travel business for The Atlantis Resort in the Bahamas.

11.     Additional corporations, all subsidiaries of KERZNER, are registered with the State of Florida as having businesses which operate from the same office located at 1000 South Pine Island Road, Plantation, Florida, 33324.  These corporations include, but are not limited to: Kerzner International Management Services, Inc.; Kerzner International Development Services, Inc.; and Kerzner International North America, Inc.

12.     At all times material hereto, Defendant, ISLAND HOTEL COMPANY LIMITED (hereinafter "ISLAND HOTEL"), was a Bahamian Company that is also a subsidiary of Defendants, KERZNER and KERZNER BAHAMAS.

13.     Defendant ISLAND HOTEL, as a subsidiary of Defendant, KERZNER, is involved in the operations, management, maintenance, supervision, and business practices of The Atlantis Resort.

14.     At all times material hereto, Defendant, PARADISE ISLAND LIMITED (hereinafter "PIL"), was a Bahamian Company and is a subsidiary of Defendant, KERZNER (as well as its subsidiary KERZNER BAHAMAS).

15.     Defendant PIL, as a subsidiary of Defendant, KERZNER, is involved in the operations, maintenance, supervision, and business practices of The Atlantis Resort.

16.     At all material times, Defendants, KERZNER, KERZNER BAHAMAS, ISLAND HOTEL, and PIL, (collectively referred to as the "KERZNER DEFENDANTS") are subject to the personal jurisdiction of this Court as they have the following contacts with the United States and the State of Florida:

a.      KERZNER DEFENDANTS, either personally or thorough an agent, e.g., Kerzner International Resorts, Inc., a Florida Corporation, and/or KERZNER BAHAMAS, a Bahamian Corporation, operated, conducted, engaged in, or carried on a business or business ventures in Florida.

b.      KERZNER DEFENDANTS have an office or an agency in Florida, to wit: 1000 South Pine Island Road, Plantation, Florida 33324.  Therefore, jurisdiction exists pursuant to *Fla. Stat.* § 48.193(1)(a).

c.      KERZNER DEFENDANTS were and are at all times engaged in substantial and not isolated interstate and intrastate activity in Florida and, therefore, are subject to this Court's jurisdiction pursuant to *Fla. Stat.* § 48.193(2).

d.      KERZNER DEFENDANTS purchase, sell and/or lease tangible and intangible personal property through brokers, jobbers, wholesalers or distributors to persons, firms and corporations in Florida and, therefore, are conclusively presumed to be both engaged in substantial and not isolated activities in Florida and operating, conducting, engaging in, or carrying on a business or business venture in Florida pursuant to *Fla. Stat.* § 48.181(3).

e.      Further, KERZNER DEFENDANTS (and their former entities, Sun International) have used both the Miami-Dade Circuit Court and the United States District Court for their collections, casino endeavors and breach of contract disputes, among others.

f.      In multiple instances of litigation, KERZNER DEFENDANTS (and its former entities, Sun International) have used both the Miami-Dade Circuit Court and the

United States District Court for their collections, casino endeavors and breach of contract disputes, among others.

g.    KERZNER DEFENDANTS' national sales office is based in Plantation, Florida, at the above-referenced South Florida address.  The sales office accepts payment for, and on behalf of, the KERZNER DEFENDANTS for bookings and travel arrangements, such as the Plaintiffs' from the United States in full satisfaction of all monies owed on vacation packages through telephone and electronic bookings.

h.    KERZNER DEFENDANTS' addresses in France, Germany, Japan, Mauritius, the United Kingdom, and the Republic of South Africa are listed on the back of its marketing brochure, along with its sole United States address identified as 1000 South Pine Island Road, Plantation, Florida 33324.

i.    KERZNER DEFENDANTS, primarily acting through Kerzner International Resorts, Inc., a Florida Corporation, advertise and otherwise extensively market the Atlantis Resort in Florida, and throughout the United States in specific markets such as Colorado, via radio, television, billboards, and direct mailings originating from its Plantation office.

j.    KERZNER DEFENDANTS have a website, to wit: www.atlantis.com which contains multiple local, Florida contacts for Kerzner properties.   All have telephones which are handled from the Plantation, Florida office.

k.    KERZNER DEFENDANTS regularly receive mail and correspondence at the Plantation office.

5

l.      KERZNER DEFENDANTS' officers, employees, agents, and supervisors, who regularly work at the Atlantis Resort in Paradise Island, Bahamas, regularly attend meetings at the Plantation, Florida address.

m.     KERZNER DEFENDANTS direct potential investors to contact them at the Plantation address.

17.    At all times material, KERZNER dictates the standards and practices for the operation of the Atlantis Resort, and the KERZNER DEFENDANTS monitor and oversee the implementation of these standards of operation by Defendant, KERZNER, and its subsidiaries.

18.    In turn, KERZNER BAHAMAS monitors and oversees the implementation of KERZNER'S standards of operation on a daily basis by employees of its subsidiaries.

19.    The KERZNER DEFENDANTS, either personally or through Kerzner International Resorts, Inc., sell entertainment/travel and vacation packages to persons within the United States specifically targeted at residents within Florida and Colorado, as well as other states.

20.    The KERZNER DEFENDANTS have bank accounts in the State of Florida in their name from which the direct employees of Defendant, Kerzner International Resorts, Inc., are able to make deposits and write checks against and in payment of various vendors in the United States and Florida for items purchased for use at the Atlantis Resorts, e.g., food, china, linens, bedding, etc.

21.    The KERZNER DEFENDANTS have had bank accounts at the Miami, Florida, branch of City National Bank.

22.    As such, because all the KERZNER DEFENDANTS are subsidiaries of Defendant, KERZNER, and all share the same operations scheme, location, office, and

6

management location, they share the same contacts with the United States, and specifically the State of Florida.

23.     Further, in multiple instances, this Court has held jurisdiction and venue are proper in personal injury and tort related claims.  For example:

a.      KERZNER DEFENDANTS had a final judgment entered against it after a trial in Miami-Dade County Circuit Court in the case of *Wagner v. Sun Int'l Hotels Ltd., et al.,* Case No. 95-19988 (Judge Goldman), which involved a Dade County resident who sued KERZNER for using his modeling photograph without his permission and in sending brochures using his photographs to travel agencies in Florida.

b.      KERZNER DEFENDANTS were successfully sued in the Circuit Court of the Eleventh Judicial Circuit in and four Miami-Dade County, Florida, in the cases of *Postell v. Sun Int'l Resorts, Inc.*, Case No. 99-11601 CA 05, and *Emery v. Sun Int'l Resorts, et al.*, Case No 99-10892 CA 01.  In each of these cases, it was alleged that KERZNER DEFENDANTS used the plaintiffs' modeling photographs without their permission.  In each of these cases, KERZNER DEFENDANTS contested personal jurisdiction over them by the Dade County Court, but later withdrew the objection as memorialized in an Agreed Order dated June 13, 2000, in the *Emery* case.  The KERZNER DEFENDANTS proceeded to file answers and affirmative defenses in both *Emery* and *Postell.*

c.      KERZNER has been sued for using models' photographs without their consent in the cases of *Delvecchio v. Sun Int'l Resorts, Inc., et al.,* Case No. 95-19989 CA 05; *Muenzner v. Sun Int'l Resorts, Inc., et al.*, Case No. 99-11742 CA 04; and *Wilder v. Sun Int'l Resorts, Inc., et al.*, Case No. 99-11716 CA 27.  All of these actions were filed in the Circuit Court of the

Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and in none of these cases was the "absence" of personal jurisdiction raised as a defense.

d.      The KERZNER DEFENDANTS were specifically found to be doing business in the Southern District of Florida in *Doe v. Sun Int'l Hotels, Ltd., et al.*, Case No. 97-3359-Civ-GOLD; *Meier v. Sun Int'l Hotels, Ltd., et al.*, United States Court of Appeals for the 11th Circuit, No. 01-14431; *Sun Trust Bank, Miami, et al. v. Sun Int'l Hotels, Ltd., et al.*, Case No. 00-3741-Civ-HUCK; and *Ward v. Kerzner Int'l Hotels, Ltd., et al.*, Case No. 03-23087-Civ-JORDAN.

e.      KERZNER was sued in the United States District Court for the Southern District of Florida for personal injury by guests of the Atlantis Hotel in the following negligent security cases for sexual assault: *Doe v. Sun Int'l Hotels Ltd., et al.,* Case No. 97-3359-Civ-GOLD (defendant's motion to dismiss for lack of personal jurisdiction and forum non-conveniens denied); *Bostrom v. Kerzner, et al.*, Case No. 07-21217-Civ-HUCK (settled); and *Larsen v. Kerzner, et al.*, Case No. 08-22031-CIV-MORENO/TORRES (settled).  In none of these cases did KERZNER contest the Court's personal jurisdiction over it.

24.      Defendant BROOKFIELD ASSET MANAGEMENT, INC. ("Brookfield") was and is a Canadian company located at Brookfield Place, Suite 300, 181 Bay Street, Toronto, Ontario, M5J 2T3.  BROOKFIELD has corporate offices in New York City as well as Plantation, Florida.

25.      BROOKFIELD conducts business and has an office in Florida.  BROOKFIELD is carrying on substantial and not isolated business in Florida, specifically through its reservation offices in Florida.  Therefore, jurisdiction is proper under Fla. Stat. § 48.193(1)(a)(1) and Fla. Stat. § 48.193(2).

26.     Venue is just and proper in the Southern District of Florida for the above-stated reasons pursuant to 28 U.S.C. § 1391.

27.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and 1604(a).

28.     The KERZNER DEFENDANTS and BROOKFIELD have also purposefully availed themselves of the benefits and protections of the State of Florida by conducting the activities outlined herein, and others.

## GENERAL ALLEGATIONS

29.     On or about June 10, 2014, Plaintiff, JAMES FEGGESTAD and his wife, KAREN FEGGESTAD were paying guests at the Atlantis Resort.

30.     Plaintiff, JAMES FEGGETAD, was walking on the sidewalk near his room when he was caused to slip and fall as a result of a negligently repaired and/or maintained and/or inspected section of sidewalk, which was wet and extremely slippery, and which had no warning about its dangerous conditions.

31.     As a result of his fall, Plaintiff, JAMES FEGGESTAD, suffered serious and permanent injuries, including knee ligament damage and shoulder damage and other injuries and damages.  Further, Plaintiff has required significant medical treatment and suffered significant other damages.

## COUNT I – NEGLIGENCE AS TO THE KERZNER DEFENDANTS

32.     Plaintiff, JAMES FEGGESTAD, hereby incorporates and realleges paragraphs 1 through 31 as though fully set forth herein and further alleges:

33.     At all times material, the Kerzner Defendants owed Plaintiff a duty to exercise reasonable care for the safety of their guests and non-hotel guests utilizing their sidewalks.

34.     At all times material, the Kerzner Defendants owed Plaintiff a duty to inspect, maintain, and repair its premises, including sidewalks, in a condition that was safe for all invitees through proper inspections and to follow-up and correct dangerous conditions of which they either knew or should have known by the use of reasonable care.

35.     At all times material, the Kerzner Defendants owed Plaintiff the duty to warn of dangerous conditions that they knew of or should have known about through the use of reasonable care.

36.     Despite these duties and other duties, the Kerzner Defendants failed to take reasonable precautions for the safety of invitees such as the Plaintiff, who was lawfully on their premises and negligently breached their duties by:

a)     creating and/or allowing a dangerous condition or conditions to exist on the sidewalk that were not open or obvious to the Plaintiff; and/or

b)     failing to warn Plaintiff of a dangerous condition or conditions they knew or should have known to exist that would likely cause injury to someone using that section of the sidewalk; and/or

c)     failing to reasonably inspect the sidewalk; and/or

d)     failing to reasonably maintain the sidewalk; and/or

e)     failing to ensure the safety of the Plaintiff; and/or

f)     failing to give adequate warning to the Plaintiff; and/or

g)     failing to reasonably repair the sidewalk; and/or

h)     failing to have reasonable protocols, policies, and/or procedures in place regarding training and/or supervision of their staff, agents, employees, and/or other persons who contributed to this incident, and/or regarding the inspection, maintenance, and/or repair of the sidewalk

i)     failing to properly train the staff on the correct manner to identify and handle a guest who was injured; and/or

j)     committing other acts of negligence as may be discovered.

37.     The Kerzner Defendants either knew or should have known of these dangerous and foreseeable conditions, acts, and omissions, which were likely to cause an incident such as the subject incident involving the Plaintiff.

38.     Upon information and belief, the Kerzner Defendants either knew or should have

known of the foreseeability of an incident such as this in light of previous incidents involving their sidewalks, including but not limited to instances where sidewalks were not reasonably maintained, repaired, or inspected.

39.     The Kerzner Defendants are vicariously liable for all acts of negligence committed by any of their staff, agents, employees, and/or other persons which caused or contributed to this incident.

40.     As a direct and proximate cause of the Kerzner Defendants' negligence, Plaintiff was injured in and about his body and extremities, and sustained permanent personal injuries; required and/or will require medical treatment, endured and sustained pain and suffering, disability and physical impairment, disfigurement, mental anguish, emotional distress, inconvenience, loss of capacity for the enjoyment of life, expenses for hospitalization, medical, nursing, surgical, rehabilitative, and palliative care and treatment, out of pocket expenses, loss of wages and/or lost future earning capacity and/or loss of ability to earn money, and/or aggravation of a previously existing condition.  The losses are either permanent or continuing in nature and Plaintiff has suffered these losses in the past and will suffer these losses in the future.

WHEREFORE, Plaintiff, JAMES FEGGESTAD, sues Defendants, KERZNER INTERNATIONAL BAHAMAS LIMITED; KERZNER INTERNATIONAL LIMITED; ISLAND HOTEL COMPANY LIMITED; and PARADISE ISLAND LIMITED and demands compensatory damages in an amount in excess of seventy five thousand dollars ($75,000), plus costs, interest, and any other damages deemed appropriate and further requests trial by jury on all issues so triable as of right by a jury.

## COUNT II - NEGLIGENCE AS TO BROOKFIELD

41.     Plaintiff, JAMES FEGGESTAD, hereby incorporates and realleges paragraphs 1 through 31 as though fully set forth herein and further alleges:

42.     At all times material, Defendant, BROOKFIELD, owned and/or operated the Atlantis Resort.

43.     At all times material, Defendant, BROOKFIELD, owed Plaintiff a duty to exercise reasonable care for the safety of its guests and non-hotel guests utilizing its sidewalks.

44.     At all times material, Defendant, BROOKFIELD, owed Plaintiff a duty to inspect, maintain, and repair its premises, including sidewalks, in a condition that was safe for all invitees through proper inspections and to follow-up and correct dangerous conditions of which it either knew or should have known by the use of reasonable care.

45.     At all times material, Defendant, BROOKFIELD, owed Plaintiff the duty to warn of dangerous conditions that it knew of or should have known about through the use of reasonable care.

46.     Despite these duties and other duties, Defendant, BROOKFIELD, failed to take reasonable precautions for the safety of invitees such as the Plaintiff, who was lawfully on its premises and negligently breached its duties by:

a)      creating and/or allowing a dangerous condition or conditions to exist on the sidewalk that were not open or obvious to the Plaintiff; and/or

b)      failing to warn Plaintiff of a dangerous condition or conditions it knew or should have known to exist that would likely cause injury to someone using that section of the sidewalk; and/or

c)      failing to reasonably inspect the sidewalk; and/or

d)      failing to reasonably maintain the sidewalk; and/or

e)      failing to ensure the safety of the Plaintiff; and/or

f)      failing to give adequate warning to the Plaintiff; and/or

g)      failing to reasonably repair the sidewalk; and/or

h)      failing to have reasonable protocols, policies, and/or procedures in place regarding training and/or supervision of its staff, agents, employees, and/or other persons who

contributed to this incident, and/or regarding the inspection, maintenance, and/or repair of the sidewalk

      i)     failing to properly train its staff on the correct manner to identify and handle a guest who was injured; and/or

      j)     committing other acts of negligence as may be discovered.

47.     The Defendant, BROOKFIELD either knew or should have known of these dangerous and foreseeable conditions, acts, and omissions, which were likely to cause an incident such as the subject incident involving the Plaintiff.

48.     Upon information and belief, Defendant, BROOKFIELD, either knew or should have known of the foreseeability of an incident such as this in light of previous incidents involving its sidewalks, including but not limited to instances where sidewalks were not reasonably maintained, repaired, or inspected.

49.     Defendant, BROOKFIELD is vicariously liable for all acts of negligence committed by any of its staff, agents, employees, and/or other persons which caused or contributed to this incident.

50.     As a direct and proximate cause of the Defendant, BROOKFIELD's negligence, Plaintiff was injured in and about his body and extremities, and sustained permanent personal injuries; required and/or will require medical treatment, endured and sustained pain and suffering, disability and physical impairment, disfigurement, mental anguish, emotional distress, inconvenience, loss of capacity for the enjoyment of life, expenses for hospitalization, medical, nursing, surgical, rehabilitative, and palliative care and treatment, out of pocket expenses, loss of wages and/or lost future earning capacity and/or loss of ability to earn money, and/or aggravation of a previously existing condition.  The losses are either permanent or continuing in nature and Plaintiff has suffered these losses in the past and will suffer these losses in the future.

WHEREFORE, Plaintiff, JAMES FEGGESTAD, sues Defendant, BROOKFIELD, and

demands compensatory damages in an amount in excess of seventy five thousand dollars ($75,000), plus costs, interest, and any other damages deemed appropriate and further requests trial by jury on all issues so triable as of right by a jury.

<u>**COUNT III - VICARIOUS LIABILITY AS TO BROOKFIELD**</u>

51.     Plaintiff, JAMES FEGGESTAD, hereby incorporates and realleges paragraphs 1 through 31 as though fully set forth herein and further alleges:

52.     At all times material, BROOKFIELD, as principal, consented to KERZNER DEFENDANTS acting as its agent.  KERZNER DEFENDANTS, as agent, similarly consented to act on behalf of BROOKFIELD to operate the Atlantis resort, conduct inspections of the resort (which would include the duty to reasonably inspect, maintain, and repair the sidewalks) and ensure compliance with brand standards.  BROOKFIELD has control or the right to control KERZNER DEFENDANTS in the execution of their duties.  KERZNER DEFENDANTS have actual authority, express or implied, to act on behalf of BROOKFIELD with respect to the execution of its duties.

53.     Accordingly, Defendant, BROOKFIELD, and the KERZNER DEFENDANTS are engaged in an agency or apparent agency relationship as described above.

54.     As principal, BROOKFIELD, is liable for the acts and omissions of its agents, KERZNER DEFENDANTS.

55.     At all times material, the KERZNER DEFENDANTS owed Plaintiff a duty to exercise reasonable care for the safety of their guests and non-hotel guests utilizing their facilities, including the sidewalk.

56.     At all times material, the KERZNER DEFENDANTS owed Plaintiff a duty to maintain their premises in a condition that was safe for all invitees through proper inspections

14

and follow-up and to correct dangerous conditions of which they either knew or should have known by the use of reasonable care.

57.     At all material times, the KERZNER DEFENDANTS owed Plaintiff the duty to warn of dangerous conditions concerning which they had or should have had knowledge greater than that of Plaintiff.

58.     Despite these duties and other duties, the KERZNER DEFENDANTS failed to take reasonable precautions for the safety of invitees such as the Plaintiff, who was lawfully on their premises and negligently breached their duties by:

    a)     creating and/or allowing a dangerous condition or conditions to exist on the sidewalk that were not open or obvious to the Plaintiff; and/or
    b)     failing to warn Plaintiff of a dangerous condition or conditions it knew or should have known to exist that would likely cause injury to someone using that section of the sidewalk; and/or
    c)     failing to reasonably inspect the sidewalk; and/or
    d)     failing to reasonably maintain the sidewalk; and/or
    e)     failing to ensure the safety of the Plaintiff; and/or
    f)     failing to give adequate warning to the Plaintiff; and/or
    g)     failing to reasonably repair the sidewalk; and/or
    h)     failing to have reasonable protocols, policies, and/or procedures in place regarding training and/or supervision of its staff, agents, employees, and/or other persons who contributed to this incident, and/or regarding the inspection, maintenance, and/or repair of the sidewalk
    i)     failing to properly train its staff on the correct manner to identify and handle a guest who was injured; and/or
    j)     committing other acts of negligence as may be discovered.

59.     The KERZNER DEFENDANTS either knew or should have known of these dangerous and foreseeable conditions, acts, and omissions, which were likely to cause an incident such as the subject incident involving the Plaintiff.

60.     Upon information and belief, the KERZNER DEFENDANTS either knew or should have known of the foreseeability of an incident such as this in light of previous incidents involving the sidewalk.

61.     The KERZNER DEFENDANTS are vicariously liable for all acts of negligence committed by any of their staff, agents, employees, lifeguards, and/or other persons which caused or contributed to this incident.

62.     As a direct and proximate cause of the KERZNER DEFENDANTS' negligence, for which Defendant, BROOKFIELD is liable, Plaintiff was injured in and about his body and extremities, and sustained permanent personal injuries; required and/or will require medical treatment, endured and sustained pain and suffering, disability and physical impairment, disfigurement, mental anguish, emotional distress, inconvenience, loss of capacity for the enjoyment of life, expenses for hospitalization, medical, nursing, surgical, rehabilitative, and palliative care and treatment, out of pocket expenses, loss of wages and/or lost future earning capacity and/or loss of ability to earn money, and/or aggravation of a previously existing condition.  The losses are either permanent or continuing in nature and Plaintiff has suffered these losses in the past and will suffer these losses in the future.

WHEREFORE, Plaintiff, JAMES FEGGESTAD, sues Defendant, BROOKFIELD and demands compensatory damages in an amount in excess of seventy five thousand dollars ($75,000), plus costs, interest, and any other damages deemed appropriate and further requests trial by jury on all issues so triable as of right by a jury.

## COUNT IV - LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS

63.     Plaintiff, KAREN FEGGESTAD, reaffirms and adopts paragraphs 1 through 62 as though fully set forth herein and further alleges that:

64.     As a direct and proximate result of all of the foregoing allegations, Plaintiff, KAREN FEGGESTAD, as the spouse of JAMES FEGGESTAD, has sustained damages and losses and should be fairly and adequately compensated by reason of her husband's injury, and

16

the loss of his services, comfort, society, and attentions in the past and in the future. Additionally, because of the injuries and disabilities suffered by JAMES FEGGESTAD, Plaintiff KAREN FEGGESTAD, has incurred and will continue to incur expenses for medical and nursing care and attention rendered and to be rendered to her spouse.

WHEREFORE, Plaintiff, KAREN FEGGESTAD, sues Defendants, KERZNER INTERNATIONAL BAHAMAS LIMITED; KERZNER INTERNATIONAL LIMITED; ISLAND HOTEL COMPANY LIMITED; PARADISE ISLAND LIMITED; and BROOKFIELD, and demands compensatory damages in an amount in excess of seventy five thousand dollars ($75,000), plus costs, interest, and any other damages deemed appropriate and further requests trial by jury on all issues so triable as of right by a jury.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable as a matter of right.

Dated: November 19, 2014

Respectfully submitted,

*Plaintiffs' Counsel:*
LAW OFFICES OF SEAN M. CLEARY, P.A.
19 West Flagler St., Suite 618
Miami, Florida 33130
Telephone:     (305) 416-9805
Facsimile:     (305) 416-9807
Email: sean@clearypa.com

By: ____*/SMC/ Sean M. Cleary*_____
        SEAN M. CLEARY
        Florida Bar No. 0146341